THE BOARD OF COMMISSIONERS OF KOSCIUSKO COUNTY *v.* EPERSON.

PRACTICE.—*Bill of Exceptions.*—*Time of Filing.*—Where time is given to prepare a bill of exceptions, it must be prepared, signed by the judge, and filed with the clerk, so as to become a part of the record, within the time given. Signing it and marking it as filed with the judge, within the time limited, are not sufficient.

From the Fulton Common Pleas.

*J. S. Frazer, R. B. Encell,* and *C. W. Chapman,* for appellant.

*Morris & Withers, McDonald & Butler,* and *Chase, Wilstach & Chase,* for appellee.

DOWNEY, J.—Action by, and judgment in favor of, the appellee against the appellant. Judgment was rendered in August, 1872, and the court then ordered, that " the counsel

of said defendants are given until the 1st day of January, 1873, to prepare their bill of exceptions."

The concluding part of the bill of exceptions, which is in the record, states, "And time was thereupon given to the defendant until the 1st day of January, 1873, to prepare its bill of exceptions, which is done within the time limited, and the same is sealed by the court this 31st day of December, 1872."

To this is appended the signature, seal, and official designation of the judge. Immediately following is this, "The above bill of exceptions was signed and filed with me January 1st, 1873," which is signed by the judge in like manner. It was filed in the clerk's office, as the clerk's indorsement states, on the 15th day of March, 1873.

A motion is made by the appellee to strike the bill of exceptions out of the record, and we think the motion will have to be sustained.

The statute provides that the party objecting to the decision must except at the time the decision is made, but time may be given to reduce the exceptions to writing, but not beyond the term, unless by special leave of the court. 2 G. & H. 209, sec. 343.

By another section, it is enacted that when the bill is presented, if true, the judge shall sign it, whereupon it shall be filed with the pleadings as a part of the record, etc. 2 G. & H. 209, sec. 346.

We think that where time is given to "prepare" a bill of exceptions, or, in the language of the statute, "to reduce the exceptions to writing," it must be intended that the bill of exceptions must be prepared, signed by the judge, and filed with the clerk, so as to become a part of the record, within the time given. If to prepare a bill of exceptions means no more than to get it ready for the signature of the judge, then, in this case, there was no limit to the time within which the judge might sign it, or the clerk file it. Counsel say, in such a case, it must be signed and filed within a reasonable time. Such a rule is attended with too much uncer-

tainty to commend itself to our judgment, or deserve our approval. Counsel urge that the judge may require and may take time to examine the bill of exceptions after it is presented to him, and the party thus be unable to file it within the time, and in consequence lose the benefit of his exceptions.

It is deemed a sufficient answer to this to say that the party should prepare the bill of exceptions long enough before the expiration of the time allowed to give the judge an opportunity to examine and sign it, and himself time to have it filed in the clerk's office within the time fixed. The certainty of this rule will more than compensate for any inconvenience which can grow out of it. We apprehend that many inconveniences, if not positive evils, would grow out of a rule which would allow a judge an unlimited time in which to sign a bill of exceptions after it had been prepared, or which would allow the party an indefinite time in which to file it after it is signed. But should we adopt the rule insisted upon by counsel for the appellant, that is, that after the bill has been prepared and delivered to the judge within the time allowed, it may be signed by the judge and filed with the clerk within a reasonable time thereafter, we could not hold that the bill was filed in this case within a reasonable time. It was signed by the judge either on the 31st day of December, 1872, or on the 1st day of January, 1873. It was not filed until the 15th day of March, 1873, two months and a half after it was signed. This surely was not within a reasonable time.

But we do not put the case upon this ground. Counsel refer us to the case of *Albaugh* v. *James*, 29 Ind. 398, as an authority in support of their position. This case has been practically overruled in several later cases, and should not any longer be regarded as authority on this point.

There is no question, in the case under consideration, which the appellant attempts to present, that does not depend upon the bill of exceptions, and therefore nothing that we can decide.

The judgment is affirmed, with costs.