## St. L., I. M. & S. Ry. v. Holman.

BILL OF EXCEPTIONS: *Time for filing.*

When a day of the next term is given for filing a bill of exceptions and the day passes without action, the court has no power to file it after that day; and one so filed is no part of the record.

APPEAL from *Hot Springs* Circuit Court.
Hon. J. B. WOOD, Circuit Judge.

*Dodge & Johnson* for Appellant.

This case brings up the naked question, as to whether the circuit court has the discretion for *any cause,* or by stress of *any* emergency, to say, that a paper which ordinarily would be of no validity unless filed yesterday, may be filed to-day, as of yesterday.

In other words, to prevent a failure of justice, shall have the same force and effect as if filed yesterday.

We find nothing in the decisions of this court—nor can we conceive of any good reason for such decision—that deprives the circuit court of the exercise of the sound discretion that was exercised, in the furtherance of justice, in the case at bar.

We know that it is a settled rule of practice, laid down in such cases as *Adler, Goldman & Co. v. Conway County, 42 Ark., 488,* and *Railway Co. v. Rapp., 39 Ark., 558,* that a bill of exceptions is utterly void, if filed after the day named in the order of the court, for its filing.

But, in neither of these cases, was there any attempt made to exercise the court's discretion, for " good cause shown."

In the Rapp case, the question presented was, whether the filing of the bill of exceptions on the 4th day, was a sufficient compliance with the order of the court naming the 3d day.

St. L., I. M. & S. Ry. v. Holman.

No cause was shown why the court should consider the matter, as one calling for the exercise of a sound discretion.

The court simply allowed the paper to be filed, and said nothing indicating that it undertook the exercise of discretion.

In the present case the court did so distinctly undertake and announce.

And in the two Massachusetts cases, referred to by this court, in the Rapp case, there was no attempt to exercise the lower court's discretion.

On the contrary, in *Corney v. Burt, 123 Mass., 579,* the circuit judge allowed the filing of the bill, "subject to the question of law arising upon the facts," and then, proceeded to state at length exactly what the facts were, expressly for the purpose of giving the appellate court the opportunity to decide whether upon the facts stated, there was a sufficient compliance with the law.

So, in like manner, were the facts certified to the appellate court in the other Massachusetts case, *Nye v. R. R. Co., 124 Mass., 241.*

And the contention in both of these cases was, that the law had been complied with upon the showing of facts made.

So, if this honorable court decides, that in *no case,* and under *no circumstances,* can such facts exist as to justify a circuit court from certifying, that "for good cause shown, and the existence of an emergency, to disregard which would be a rank denial of justice, this court orders, that the filing of to-day shall be considered as having been done yesterday."

We say, if our supreme court so decides, it will have to so decide as a new question, for there is no decision, so far, that we know of, which lays down any such doctrine.

It would be an idle task to cite the many instances in which this court has deferred to the exercise of a sound and wise discretion on the part of the circuit courts.

We think it may safely be stated, that in the absence of any showing of fraud, or oppression on the part of the circuit judge—where the latter has all of the means of knowing just what condition of affairs causes the emergency, and the supreme court finds nothing in the record from which to derive such information—it will respect and uphold the soundness and validity of the circuit court's action.

This court, of course, will not institute any inquiry or call for proof, as to the exact features of the accident, calamity or misfortune, which, in the mind of the circuit judge, constituted "good cause shown."

If the circuit judge, in the fact of *any* emergency, such as sickness, death, epidemic, riot, insurrection and the like, is justified in saying that a paper which the law says shall be filed yesterday, or be void, shall—in furtherance of justice be filed to-day, with the full effect as if filed yesterday—then, if he certifies that in his estimation such a condition of affairs exist as to call for such action, and acts accordingly, we submit that such action will be respected by the appellate court, without question, as a fair and just exercise of judicial discretion.

Far otherwise, if the circuit judge certifies to the appellate court *the facts* upon which he bases his action, he then, literally, refers to the higher court, a question of *fact*, the force and application of which it is called upon to adjudge and determine.

To hold otherwise, would be to place upon the appellate court the impossible task of causing to be reproduced before it, every fact and circumstance which influenced the circuit judge in forming his conclusions.

We only say, that many facts and circumstances are fairly and rationally conceivable, under which rights of life, liberty and property would be unjustly and wickedly sacrificed by the refusal of a circuit judge to do just what was done in this case.

There is no room here for any discussion as to the power of the circuit judge to extend the time for filing—how far and to what extent such power reaches. Here was no order extending the time. The circuit judge, in effect said, " I am satisfied from my knowledge of the peculiar circumstances, that filing on yesterday was an impossibility—let it be filed to-day, as of yesterday."

The order does *not* say " the paper was not filed on yesterday, for the following reasons," and then refer those reasons as a question of doubt to be solved by the appellate court.

The circuit court, in this case, made an order in furtherance of justice, to cover an emergency.

In the absence of anything in the record indicating a wrongful, fraudulent or oppressive exercise of discretion by the lower court, we respectfully submit that its action ought to be allowed to stand.

*Curl & Hughes* for Appellee.

The bill of exceptions must be filed within the time allowed. This is not in the discretion of the judge, but absolute. The statute permits the court to give time not later than a day of the next term. The discretion of the court is in naming the day; when the day is named by the judge it becomes as fixed and absolute as if it were named by the statute. *42 Ark., 488; 39 Id., 558; 34 Id., 432; 33 Id., 568; 2 Met. (Ky.), 378; 6 Bush, 27; 73 Ind., 211; 124 Mass., 241.* The statute of Kentucky is precisely our own. See *2 Metc., 426; 17 B. Mon., 603, 609; 1 Bush, 104; 8 Ib., 480, also, 4 Gray, 165; 119 Mass., 208; 121 Id., 165; 123 Id., 579; 19 Ind., 138; 38 Id., 341; 69 Id., 290; 90 Id., 404; 97 Id.. 404; 27 Ohio St., 597; 36 Ohio St., 614; 54 Iowa, 196; 56 Id., 335; 98 Ill., 235; 5 Col., 133; 3 Lea Tenn., 747.* The time expires with the term unless ex-

tended. *33 Ark., 568.* Hence, if a day is named all control of the court after the time ceases after the day named.

2d. If it were in the discretion of the court for "good cause shown" to sign and have the bill of exceptions filed at a later day than the time given, the facts must be set forth so as to show the appellate court that there was no abuse of discrecretion. *50 Cal., 444; 5 Col., 133; 123 Mass., 579; 124 Id., 241; 121 Id., 165; 3 Lea (Tenn.), 747.* The signing and filing of a bill of exceptions is *ex parte*, something entirely between the judge and appellant. Hence, appellee need not object to the filing, and would not have an opportunity to know what the "good and sufficient cause" for the delay might be, and consequently could not place them on record. *8 Cent. Law Jour., 79; 61 Ind., 535; 6 Bush, 27; 123 Mass., 579.*


COCKRILL, C. J. After the appellant's motion for a new trial was overruled, an order was made, giving until the first day of the succeeding term, to prepare and file a bill of exceptions. No bill of exceptions was presented or order made in the matter on that day, but on the ninth day thereafter the appellant presented a bill of exceptions to the court, which was allowed and signed, and, as the record recites, "for good cause shown, it appearing that the same was not filed within the time allowed," it was then ordered to be filed.

The case has been placed on the easy docket, on consideration of the appellee's motion to advance and affirm as a delay case.

Formerly it was necessary to present bills of exception for allowance at the term at which the trial was had. The statute provides now for extending the time to a day not beyond the succeeding term. *Mansf. Dig., 5157.* If it is extended generally, without fixing a particular day, the time expires still

with the close of the term and is not extended to the end of the statutory period. *Carroll v. Sanders, 38 Ark., 216.* In the case of this *Appellant v. Rapp, 39 Ark., 558,* the circuit judge allowed a bill of exceptions on the fourth day of the succeeding term, when the time had been extended to the third day only, and the court disregarded it on appeal. The cases are numerous in this state and elsewhere to the effect that a bill of exceptions, filed after the time granted for that purpose, does not become a part of the record and will not be considered on appeal. *Adler v. Conway Co., 42 Ark., 488,* and cases cited. The appellant tries to distinguish this upon the ground that the circuit judge undertook to exercise a sound discretion upon cause shown for not presenting and filing his bill of exceptions within the time allotted by the court. If the circuit judge has any discretion in the matter it was exercised in the Rapp case, *supra,* in the act of allowing the bill of exceptions, as much as was done in this case. It appears from the statement that it was the court that acted in that case as in this; but allowing a bill of exceptions is not a judicial act. *Bullock v. Neal, 42 Ark., 278.* When the time is extended beyond the trial term and the day fixed allowed to pass without action, the court loses control over the matter, just as it formerly lost control by the lapse of the term, and the opportunity for allowing and filing a bill of exceptions is lost. This is the construction given the statute in Kentucky, whence ours came. *Freeman v. Brenham, 17 B. Mon., 603; Vandevers v. Griffith, 2 Met., 425; Meadows v. Campbell, 1 Bush., 104; Bailey v. Villier, 6 Ib., 27; Smith v. Blakeman, 8 Ib., 476.*

This construction does not interfere with the power of the court to order a bill of exceptions filed *nunc pro tunc* where the facts exist to warrant such an order. *Kirby v. Bowland, 69 Ind., 290.* That results from the power of the court to make its records speak the truth. It was said by Mr. Justice Eakin, in delivering the opinion of the court in *Carroll v. Pryor, 38*

*Ark., 283,* "Courts of Chancery are competent to relieve against any hardships arising from accident, fraud or mistake, if from any such cause the bill could not be presented in the time allowed."

No question was attempted to be presented in the circuit court which does not depend on the bill of exceptions, and as there is no bill of exceptions which we can notice, the judgment is affirmed.