ROYAL T. CLARK, respondent, *v.* LODEMA H. BAKER, ap-
pellant.

ON AN APPEAL FROM A JUDGMENT, THE JUDGMENT ROLL alone is
brought before the supreme court.

CHATTEL MORTGAGE — *Action to foreclose and recover possession may
be united — Jury trial.*— An action to foreclose a chattel mortgage and
an action to recover possession of the mortgaged property may be
united under 12 Sess. Laws, p. 5, sec. 9. In such action, if the answer
presents an issue as to the mortgagee's right to recover possession of
the mortgaged property, the defendant is entitled to a jury trial
thereon. If, however, the answer admits the mortgagee's right to pos-
session, there is no issue for a jury to try.

SAME — *Damages by unauthorized sale.*— Where such mortgage au-
thorizes the mortgagee, upon default, to sell the mortgaged property,
the mortgagor cannot recover damages occasioned by a sale thereof at
a sacrifice, unless the sale was had under conditions not authorized by
the mortgage.

SAME — *Action for foreclosure is equitable.*— An action to foreclose a
chattel mortgage is equitabe; and a mortgagor, by alleging damages
claimed to have been caused by an unauthorized sale of a portion of

the mortgaged property, cannot take away the equitable jurisdiction of the court to first hear and determine whether or not the conditions have occurred which entitle the plaintiff to a foreclosure.

JUDGMENT WILL BE PRESUMED TO BE AUTHORIZED by the evidence when the same is not contained in the record.

CHATTEL MORTGAGE — *Default in payment of interest — Principal, when becomes due.*— A provision in a chattel mortgage that, upon default in the payment of interest, the mortgaged property might be sold and the proceeds applied to the payment of interest and principal, is equivalent to a provision that, upon default in the payment of interest, the principal should become due and payable.

*Appeal from Third District, Lewis and Clarke County.*

THE opinion states the facts.

SHOBER & CASEY and CARTER & CLAYBERG, for the appellants.

BULLARD & BARBOUR, for the respondent.

GALBRAITH, J.   This is an appeal from the judgment, and therefore brings before us the judgment roll alone.   The only question for our consideration is that presented in the bill of exceptions, which is, whether or not the appellant, in view of the pleadings, was entitled to a trial by jury.   The action was instituted to foreclose a chattel mortgage, and to obtain possession of the property mortgaged, and was consequently, so far as the complaint alone was concerned, an action both in equity, and in claim and delivery to obtain the possession of the mortgaged property.   12 Sess. Laws, p. 5, sec. 9; sec. 346, 1st div. R. S.

The complaint set forth the note, to secure which the chattel mortgage was given, and was, in substance, as follows:   It was dated July 10, 1884, for the sum of $1,224.20, to be paid on or before the 1st of July, 1885, in monthly instalments, commencing by the payment of $50 on the 1st of October, 1884, and $100 on the first of each month thereafter, until July, 1885, when the payment was to be the sum of $374.20, which would discharge the note.   It provided for payments of interest at the rate of one and one-

half per cent. per month, payable monthly. The complaint alleged also the execution and delivery by the appellant to the respondent of the chattel mortgage, which was given to secure the above note, bearing the same date therewith, and conditioned for its payment, and interest thereon at the rate and at the times and in the manner specified in said note, and according to the conditions thereof; that the requirements of the law, which entitled the same to be filed, and in relation to filing the same, were duly complied with. A copy of the mortgage with the indorsements thereon was annexed to and made a part of the complaint; which further alleged that by the terms of the note and mortgage, monthly instalments of interest became due as follows: $18.80 on the 10th day of August, 1884, and the same sum on the 10th of September, 1884; no part of which has been paid, and are now due; that by the terms of said chattel mortgage, in case default be made in the payment of the principal or interest, as provided in said promissory note, the plaintiff is hereby empowered and authorized to sell the said goods and chattels therein described with all and every of the appurtenances, or any part thereof, in the manner prescribed by law, and out of the money arising from such sale, to retain the said principal and interest, together with the costs and charges of making such sales, including reasonable attorney's fees, to be fixed and allowed by the court; also that in case default be made in the payment of the principal or interest, as provided in said promissory note, or if prior to the maturity of said indebtedness said defendant, the party of the first part thereto, or any other person or persons, shall conceal or make way with, sell, or in any manner dispose of said described property, or any part thereof, or shall attempt so to do, or if the plaintiff, the party of the second part thereto, should at any time consider the possession of said property, or any part thereof, essential to the security of the payment of said promissory note, then the said plaintiff shall have the right to the immediate possession of said described property, and

the whole or any part thereof; that default was made in the payment of interest on the note; that on the 20th day of September, 1884, the appellant attempted to conceal, make way with, and dispose of the goods and chattels; that the respondent considered the possession of the whole of the property essential to the security of the payment of the note; that the amount due on the note is the sum of $1,224.20 principal, and $42.70 interest; that the respondent is entitled to the possession of the goods and chattels mentioned in the mortgage; that on the 16th of September and before the commencement of the action, the respondent demanded possession of the above goods and chattels; that the appellant withholds and detains the goods and chattels from the possession of respondent; that no proceedings have been had at law or otherwise for the recovery of the sums aforesaid, or any part thereof, and the same is wholly owing and unpaid; that $150 is a reasonable attorney's fee for the foreclosure. There was the usual prayer in suits for the foreclosure of chattel mortgages. There was also a prayer for the recovery of the possession of said goods and chattels, or for the sum of $1,266.90, together with interest upon the sum of $1,224.20 at the rate of one and one-half per cent. per month, in case a delivery of said goods and chattels could not be had.

To this complaint the appellant answered and the respondent replied. Afterwards, by leave of the court, the appellant filed an amended answer, to which there was a reply. The amended answer took the place of the former answer, and is a substitute therefor, and the former answer will be wholly disregarded. The amended answer admitted the execution of the note and mortgage, but denied that there was anything due thereon at any time before the commencement of the suit, which was on the 20th of September, 1884, and that nothing became due thereon until October 1, 1884. It denied that there had been any default made before the commencement of the action, but averred that the appellant paid the respondent by boarding him and members of

his family, at his special instance and request, between July 1, 1884, and September 20, 1884, amounting to the reasonable value of $150, which was to be a credit on the note and mortgage; denied that this appellant did, on the 20th day of September, 1884, or at any time, attempt to conceal, make way with, or dispose of, any of the goods or chattels described in said mortgage. It denied that at the commencement of the action there was anything due on the note and mortgage. It denied that at the commencement of this action the respondent was entitled to the possession of any of the property, or that appellant did, at any time, wrongfully or unlawfully withhold or detain any of said goods or chattels from the respondent. The appellant alleged, by way of counter-claim and set-off, that on the 20th of September, 1884, she being in possession of certain property mentioned in the mortgage, the same was wrongfully, unlawfully and forcibly taken and sold by the respondent, without the consent of appellant, for the sum of $400, which was a great sacrifice of its value. That the property so taken and sold was worth $1,665, for which the respondent has refused to account. That at the time of the taking and selling of this property by the respondent, the appellant was conducting a boarding-house as her only means of support, which was of the value of $1,000, which, by reason of the taking of this property, was wholly destroyed, to her damage in the sum of $1,000. Appellant asked judgment for $1,165, and $1,000 and costs. The mortgage, which was attached to the complaint and made a part thereof, contained this provision: "That in the event the said party of the first part shall board the said party of the second part, or any members of his family, the said second party is to pay the said party of the first part the sum of $25 per month for himself and $25 per month for each member of his family so boarded by the said party of the first part; and all sums so becoming due the said first party for board shall be paid by crediting the amount upon the back of the promissory note in this indenture above mentioned."

When the cause was called for trial, as appears by the bill of exceptions, the appellant demanded a trial by jury, which the court refused. The record shows a decree and judgment for the respondent.

If this was simply an action to foreclose the chattel mortgage, then there could be no doubt of the answer which should have been given to the above demand. Such an action is wholly an equitable one; and a jury may be called for the purpose of informing the court by its findings, which are simply advisory, and which it may disregard, or it may be tried by the court in its discretion without a jury. "If the remedy sought be equitable, the court is not bound to call a jury, and if it does call one, it is only for the purpose of enlightening its conscience, and not to control its judgment." Field, J., in *Basey* v. *Gallagher*, 20 Wall. 670.

But the complaint in this case unites with the equitable action to foreclose the mortgage, an action to recover the possession of the property. This he can do under an act of the legislative assembly of the territory entitled "An act to foreclose chattel mortgages," passed at the twelfth legislative session. See Laws 12th Sess. p. 5, sec. 9. If there were denials in the answer which presented an issue as to the respondent's right to recover possession of the mortgaged property, then as to this, the appellant would be entitled to a jury trial. "Sometimes in the same action both legal and equitable relief may be sought, as, for example, where damages are claimed for a past diversion of water, and an injunction prayed against its diversion in the future. Upon the question of damages, a jury would be required; but upon the propriety of an injunction, the action of the court alone could be invoked." Field, J., in *Basey* v. *Gallagher*, *supra.*

But in this case no such issue was properly presented. The answer expressly admits the execution and delivery to the respondent of both note and mortgage. It denies some, but not all, of the material allegations of the complaint, any of which would entitle the respondent to the possession of the property. The mortgage contained this

express provision: "If the said party of the second part (the respondent) shall at any time consider the possession of said property, or any part thereof, essential to the security of the payment of said promissory note, then, in such event, the said party of the second part, his agent, or attorney, executors, administrators, or assigns, shall have the right to the immediate possession of said described property, and the whole or any part thereof, and shall have the right, at his option, to take and recover such possession from any person or persons having or claiming the same, with or without suit or process; and for that purpose may enter upon any premises where said property, or any part thereof, may be found." The complaint alleged that the respondent considered the possession of the property essential to the security of the payment of the note. This was not denied by the answer, and must therefore be deemed to be admitted. This fact alone entitled the respondent to the immediate possession of the property mortgaged. Upon the face of the pleadings, therefore, there was no issue as to that part of the action for claim and delivery for a jury to try. The denial of the right of possession was the denial of a legal conclusion. It is claimed, however, that the counter-claim presents an issue which entitled the appellant to a trial by jury. The above state of facts, which appear on the face of the pleadings, did not entitle the appellant to damages for the taking of the property by the respondent, and thereby destroying her business. How could she be entitled to damages for an act which she had expressly authorized by the above provision, as appears from her admission of the execution of the note and mortgage? The law does not require a vain thing. Any finding by a jury of the fact, different from that admitted by the answer, would have been immediately set aside by the court. So far as this part of the action for claim and delivery were concerned, the court might have rendered judgment for the respondent on a motion for judgment on the pleadings.

The damages claimed for the sacrifice of the property by

the sale thereof below its value were such only as appellant could recover by reason of a sale of the property under conditions not authorized by the mortgage. There is no allegation in the answer that the method of sale, as provided in the mortgage, was not pursued. Whether or not she was entitled to such damages under the above condition of the pleadings depended entirely upon the question of the respondent's right to a foreclosure of the mortgage and his right to sell the property, by reason of the failure of the appellant to pay the interest due on the 10th of August and the 10th of September, 1884. This was an issue which the court could and did try by virtue of its equity jurisdiction without a jury. We are of the opinion that a defendant, by alleging damages claimed to be caused by the foreclosure of a mortgage, cannot take away the equity jurisdiction of the court to first hear and determine whether or not the conditions have occurred which entitle the plaintiff to his foreclosure. There were no special issues submitted to the court at the trial. There is no testimony before us. There are no special findings. It will be presumed that the testimony authorized the judgment where no testimony appears in the record. It will be presumed, therefore, that the respondent was entitled to the foreclosure of his mortgage and the sale of the property by reason of the failure of the appellant to pay the interest as the note and mortgage provided. In such case the appellant was not entitled to damages by reason of such foreclosure and sale. Under the above circumstances the court might lawfully refuse a trial by jury.

Under the terms of the mortgage, the attorney fee was properly fixed by the court. It is claimed that of the sum derived from the sale of the property only that amount should have been applied on the note which sufficed to pay the interest up to the period of the commencement of the suit, which was on the 20th of September, 1884. It is true that there is no provision in the mortgage expressing in exact terms that the entire sum should be due upon default

of payment of interest or principal. But it was provided that out of the money arising from such sale the respondent might retain the principal and interest. We think that under this provision, when the proceeds of sale did not amount to the whole sum mentioned in the note, that such proceeds might be applied to the payment of the note, both principal and interest, as was ordered in the decree of the court; also, that this provision of the mortgage was equivalent to a provision that, upon default of the payments of interest, the whole amount became due and payable; and therefore that the decree of the court, as it appears in the record, was properly entered.

The judgment is affirmed, with costs.