# CAROLINE WOODARD, APPELLANT, v. CHARLES M. WEBSTER, ADMINISTRATOR, RESPONDENT.

[Submitted Oct. 25, 1897.  Decided Nov. 1, 1897.]

*New Trial—Statement of Case—Settlement of—Unreasonable Delay.*

1. STATEMENT—*Settlement*—Under Section 1173 Code of Civil Procedure, the party who moves for a new trial, and who accepts the proposed amendments to his draft of the statement of the case, has a reasonable time within which to amend the statement accordingly and present the same to the judge for settlement.
2. SAME—*Unreasonable Delay*—A delay of 57 days to present for settlement a statement of the case, amendments to which had been accepted, is unreasonable in the absence of any explanation thereof.
3. SAME—Where the judge has found that such a delay was unreasonable, he should deny the motion for a new trial.
4. SAME—The court having once found that the statement had not been presented within a reasonable time, it cannot be inferred that the ruling was modified.

*Appeal from District Court, Cascade county.   C. H. Benton, Judge.*

ACTION by Caroline Woodard against Charles M. Webster, administrator of the estate of Frank B. Tuttle, deceased. The trial resulted in favor of plaintiff, and defendant moved for a new trial on a statement of the case.   From an order granting defendant a new trial, plaintiff appeals.   Reversed.

*W. T. Pigott,* for Appellant.

*Stanton & Stanton,* for Respondent.

BUCK, J.—The controlling issue of this appeal is set forth in the following bill of exceptions in the statement on motion for new trial :

"Be it remembered, and it is hereby certified as part of the record in said cause and of the statement on motion for a new trial, that on the 26th day of February, 1896, the defendant, by J. W. Stanton, Esq., his counsel, presented to the judge of said court for settlement the proposed statement and copy of amendments thereto on motion for a new trial; the plaintiff being represented by W. T. Pigott, Esq., his counsel, who appeared solely for the purpose of objecting to the settlement, upon the grounds hereinafter set out.   It is further certified that the proposed statement was duly served by copy on plaintiff, December 24, 1895; that the said proposed amendments were duly served by copy by plaintiff on defendant, December 31, 1895; that the defendant delivered to the clerk of said court, for the judge thereof, December 24, 1895, the said proposed statement, but never at any time delivered to him the said proposed amendments; that in the latter part of January, 1896, the defendant withdrew from the custody of the clerk said proposed statement, for the purpose of comparing the proposed amendments therewith, and that he never returned said proposed statement to the clerk; that the defendant has never incorporated said amendments into said proposed statement; that the proposed statement and amendments

were never presented to the judge of the court until this
February 26, 1896; that the defendant has delayed for fifty-
seven days to either amend the proposed statement by incor-
porating the proposed amendments, or present the case for
settlement; that neither the court nor its judge has ever made
any order enlarging or extending the time in which the de-
fendant might present the proposed statement for settlement.
And upon the presentation to the judge of said proposed
statement and amendments for settlement, the 26th day of
February, 1896, the plaintiff objects to the settlement of the
same because of the facts hereinbefore certified, and on the
grounds that the defendant has not .complied with the provi-
sions of Subdivision 3 of Section 1173 of the Code of Civil
Procedure, in that he did not within ten days, or a reason-
able time, after being served with said proposed amendments,
amend the proposed statement in accordance with the amend-
ments proposed; and in this : That he did not, within a
reasonable time after service of the amendments, present the
proposed statement and the amendments to the judge, or de-
liver the same to the clerk for the judge, for settlement; and
objects to the settlement thereof upon the ground that the de-
fendant's delay of 57 days in presenting the statement and
amendments for settlement is unreasonable, and is sufficient
to warrant the judge in refusing to settle the same, and as
being a failure to prosecute the application for a new trial
with diligence.	And the judge here does hold, decide, and find
that defendant has not incorporated the amendments proposed
into the statement proposed, and that he has not presented his
proposed statement within a reasonable time from and after
service of said amendments, but has delayed the presentation
thereof for a period of fifty-seven days, which delay is un-
reasonable.	The judge is, however, of the opinion that, un-
der the decisions of the Supreme Court of this state, he
should overrule the objections of plaintiff, and proceed to
settle the statement; the plaintiff having and reserving to him-
self the right to ask that the motion for a new trial, when
made, be denied because of the unreasonable delay of defend-

ant in the premises. To which action of the judge in over-
ruling said objection, and in proceeding to settle, and settling,
said proposed statement, the plaintiff then and there excepted
at the time, and prays that this, his bill of exceptions, be al-
lowed, settled, certified, and signed, and be made part of the
record in said cause, and be incorporated into said statement
on motion for new trial. All of which is here accordingly
done this February 29, 1896, to which day the hearing on
said settlement was adjourned. C. H. Benton, Judge."

After the hearing of the motion for a new trial, the Dis-
trict Court made the following order : "The motion of de-
fendant for a new trial in the above-entitled cause coming on
to be heard upon a statement of the case settled and allowed,
after argument of the case by Stanton & Stanton, in behalf of
the defendant, and W. T. Pigot, in behalf of the plaintiff,
and due consideration, it is ordered that such motion be, and
the same is hereby granted."

Appellant contends that the lower court had no right to
grant a new trial, by reason of the fact that no proper state-
ment was before it.

Subdivision 3, § 1173, Code of Civil Procedure, is as fol-
lows : "If the motion is to be made upon a statement of the
case, the moving party must, within ten days after service of
the notice or such further time as the court in which the
action is pending, or the judge thereof, may allow, prepare a
draft of the statement and serve the same, or a copy thereof,
upon the adverse party. If such proposed statement be not
agreed to by the adverse party, he must, within ten days
thereafter, prepare amendments thereto and serve the same,
or a copy thereof, upon the moving party. If the amend-
ments be adopted, the statement shall be amended according-
ly, and then presented to the judge who tried or heard the
cause for settlement, or to be delivered to the clerk of the
court for the judge. If not adopted, the proposed statement
and amendments shall within ten days thereafter be presented
by the moving party to the judge, upon five days' notice to
the adverse party, or delivered to the clerk of the court for
the judge. *  *  *"

Respondent insists that under said statute no time is speci-
fied for presenting a statement with accepted amendments for
settlement, and that, such being the case, a reasonable time
alone is required within which this shall be done.    We agree
with this.    But was the time within which the the statement
and amendments were presented to the judge, namely 57 days,
a reasonable time?    The lower court expressly held that it
was not, and there is absolutely nothing in the record to indi-
cate any excuse for the delay in the presentation of the state-
ment and amendments for settlement.    Under these conditions,
did the trial judge have a proper statement before him when
he granted a new trial?    We are of the opinion that he did
not.    If respondent had offered any excuse for the delay in
the presentation of the statement and amendments for settle-
ment, and the trial court had held such excuse sufficient, then
this appeal would have a different phase.    In the absence of
such a showing in the record, it cannot be presumed that there
was any excuse or justification for the delay.    The lower
court should have denied the motion for a new trial.

Respondent urges that by its order granting a new trial the
previous conclusion that the delay had been unreasonable was
nullified.    We cannot assent to this.    Having once held that
the delay was unreasonable, the objection to the settlement
having been properly preserved and presented by appellant
when the motion for a new trial was heard, it cannot be in-
ferred that the lower court nullified its previous deliberate
holding.

Of course, it was the duty of respondent, if he had ac-
cepted, as he claims, the amendments, to incorporate them in
the statement when presented for settlement; but we do not
deem it necessary to hold that the failure to do so was fatal.
What we do hold is that the delay of 57 days in the presenta-
tion of the statement and amendments for settlement, unex-
plained, and found by the trial court to be an unreasonable
delay, is fatal to respondent in this controversy.    (See *Con-
nor* v. *Railroad Co.*, 101 Cal. 429, 35 Pac. 990.)

All evidence, therefore, is withdrawn from our considera-

tion.   The cause is remanded, with directions to the lower court to deny the motion for a new trial.

*Reversed and Remanded.*

PEMBERTON, C. J., and HUNT, J., concur.