## YOUNG vs UNITED STATES.

Opinion delivered April 2, 1898.

*Bill of Exceptions—Time of Filing—Record.*

> A bill of exceptions must not only be prepared and signed
> must also be filed with the clerk of the court before the ex[pira]
> tion of the time granted by the court and where this is [not]
> done, it is no part of the record and will not be considered [by]
> the Appellate Court.

Appeal from the United States Court for the Southn District.

C. B. KILGORE, Judge.

G. P. Young appeals from a conviction for embezzlent. Affirmed.

*Harper & Rogers*, for appellant.

*A. C. Cruce*, for United States.

CLAYTON, J. The appellant was indicted, tried, l convicted, and sentenced for the crime of embezzlement. appears that on the 26th day of February, 1896, the day defendant was sentenced, he was granted, by an order of court, 60 days in which to prepare and file his bill of extions. That which purports to the bill of exceptions was ed by the judge in vacation on the 25th day of April, 6, within the time allowed by the order, but was not filed the clerk until May 4, 1896, 7 days after the expiration he time allowed, and in vacation. Section 2306, Mansf. , provides that in criminal cases "the exceptions shall be wn upon the record by bill of exceptions prepared, set- and signed as in civil cases." Section 5157, Id., relat- to bills of exceptions in civil cases, provides that the y objecting to the decision must except at the time the sion is made, and time may be given to reduce the ex- ions to writing, etc." Section 5160, Id., provides that ere the decision is not entered on the record, or the nds of objection do not sufficiently appear in the entry, party excepting must reduce his exceptions to writing present it to the judge for his allowance and signature. ue, it shall be the duty of the judge to allow and sign hereupon it shall be filed with the pleadings as part of

the record; but not spread at large on the order book." Th
Supreme Court of Arkansas, construing this statute, hav
repeatedly held that a bill of exceptions must not only

Bill of Ex-
ceptions
must be filed
before ex-
piration of
time.

prepared and signed, but must also be filed with the cler
before the expiration of the time granted by the court.
the case of Adler vs Conway Co., 42 Ark. 490, the court sa
"The paper purporting to set forth the exceptions taken
the trial was not signed by the judge who presided until tl
twenty-third of November, which was one day too late. A
there is no file mark or other indication to show when,
ever, it was filed in the clerk's office. When time is allo
ed to reduce exceptions to writing, the bill of exceptio
must be prepared, signed by the judge and filed with t
clerk, so as to become a part of the record within the giv
time." In Walker vs State, 35 Ark. 386, the bill of exc
tions was signed by the judge, but not indorsed "Filed"
the clerk. The court held that this was fatal, and declir
to consider the bill of exceptions. In Davies vs Nichols,
Ark. 554, 13 S. W. 129, the court say: "There is no bill
exceptions in the record. The paper purporting to be
bill of exceptions was not signed by the judge, and fil
within the time first given by the court. The order fix
the time within which the bill of exceptions must be sig
by the judge and filed became final, and passed beyond
control of the court when the term at which it was made
pired, and the court had no authority to shorten or ext
the time at a subsequent term." In Watson vs Watson,
Ark. 415, 14 S. W. 622, the bill of exceptions was signed
the judge within the time required by the order of the co
but was not filed until one day thereafter. The court s
"The statute allowing an extension of time beyond the t
to settle a bill of exceptions does not authorize the filing
the bill after the time limited. Under the old prac
when bills were allowed only in term by an order of co
they became a part of the record by virtue of the order.

llowance of the bill was therefore all that was required. uch is still the rule where the bill is settled at a subsequent term by order of court. But when settled by the idge in vacation, or by bystanders as the statute permits, is no part of the record until filed with the clerk. Until becomes a part of the record, it is not an exception in the use. But the right to preserve exceptions does not exist fter the expiration of the time given by the court for that urpose, and so the bill cannot become a record of the exptions by filing after that time. The expiration of the me after the trial term has the same effect as the expiration the term under the former practice. As no exception uld be preserved after the expiration of the term in the e case, so none can be preserved after the expiration of e extended time in the other." See, also, Toliver vs State, Ark. 395; Carroll vs Saunders, 38 Ark. 216; Railway Co. Rapp, 39 Ark. 558; Railway Co. vs Holman, 45 Ark. 102; ard of Com'rs vs Eperson, 50 Ind. 275; Lafollette vs ompson, 83 Mo. 199; Myrick vs Merritt, 21 Fla. 799. The l of exceptions in this case not having been filed with the rk of the court until after the time allowed by the order; s no part of the record, and cannot be considered by us, d as no questions are presented for our consideration except those contained in this paper, purporting to be the bill xceptions, the judgment below is affirmed.

*Bill of Exceptions filed out of time, not part of record.*

SPRINGER, C. J., and THOMAS and TOWNSEND, JJ., cur.