COMMERCIAL NATIONAL BANK OF GREAT FALLS, RESPONDENT, v. THRASHER, APPELLANT.

(No. 4,486.)

(Submitted September 24, 1921. Decided November 3, 1921.)

[201· Pac. 1009.]

*Appeal—Bill of Exceptions—Settlement—Unreasonable Delay —Effect.*

1. Where defendant did not present his bill of exceptions to the trial judge for settlement until 172 days after plaintiff had served upon him its proposed amendments, in violation of section 6788, Revised Codes, which requires presentment of the bill within ten days after service of the proposed amendments, the record being barren of any excuse for the delay, the supreme court will disregard the bill together with all the questions sought to be presented for review thereby.

*Appeals from District Court, Cascade County; J. B. Leslie, Judge.*

ACTION by the Commercial National Bank of Great Falls against J. W. Thrasher. From judgment for plaintiff and order denying new trial, defendant appeals. Judgment and order affirmed.

*Messrs. Freeman & Thelen,* for Appellant, submitted a brief; *Mr. Jas. W. Freeman* argued the cause orally.

*Messrs. Peters & Smith,* for Respondent, submitted a brief; *Mr. Larue Smith* argued the cause orally. .

MR. COMMISSIONER SPENCER prepared the opinion for the court.

This is an action to enforce payment of a promissory note. [1] After issues joined by appropriate pleadings, trial resulted in a judgment in favor of the plaintiff. It appears from the record that the defendant served his proposed bill of exceptions in support of motion for a new trial upon the plaintiff within the additional time granted by the court, and that thereafter on November 14, 1918, within the time granted by stipulation, the plaintiff served upon defendant its proposed amendments to the bill; that on May 5, 1919, 172 days thereafter, the bill and amendments as proposed were first presented to the trial judge for settlement; that thereafter and before settlement (the exact date not being clear from the record) the plaintiff filed written objections to the settlement of the bill, urging violation of section 6788, Revised Codes, in support of its objection. The bill was settled May 28, 1919. Defendant's motion for a new trial was denied, and appeal is from the order denying the motion and from the judgment.

As the appeal from the order denying the motion must be disposed of by reason of a clear violation of the plain provisions of section 6788, Revised Codes, further statement of the facts becomes unnecessary. The record is wholly barren of an excuse for delay in the presentation of the proposed bill and amendments to the trial judge. Likewise it is undisclosed whether or not the proposed amendments to the bill were allowed. In the absence of an affirmative showing to excuse the delay, there is no presumption to justify it. (*Woodward* v. *Webster,* 20 Mont. 279, 50 Pac. 791). Con-

fronted with this condition in the record, the unexplained delay of appellant is fatal.

"A motion for a new trial is, in this state, a statutory remedy, and can only be invoked in the manner, within the time, and upon the grounds provided in the statute. The losing party must pursue the requirements of the statute, or else he cannot avail himself of the remedy." (*State ex rel. Walkerville* v. *District Court,* 29 Mont. 176, 74 Pac. 414; *Ogle* v. *Potter,* 24 Mont. 501, 62 Pac. 920.)

A full discussion of the requirements of section 6788, Revised Codes, is found in the following decisions, and leaves open to this court but one course, *viz.,* disregard the bill entirely, together with all questions sought to be presented thereby. (*Best Mfg. Co.* v. *Hutton,* 49 Mont. 78–88, 141 Pac. 653; *Canning* v. *Fried,* 48 Mont. 560, 139 Pac. 448; *Girard* v. *McClernan,* 39 Mont. 523, 105 Pac. 224; *State ex rel. Walkerville* v. *District Court, supra; Wright* v. *Mathews,* 28 Mont. 442, 72 Pac. 820; *Power* v. *Lenoir,* 22 Mont. 169, 56 Pac. 106; *Woodward* v. *Webster, supra.)*

With nothing before us but the judgment-roll, in which we find no error, we recommend that the judgment and order appealed from be affirmed.

PER CURIAM: For the reasons given in the foregoing opinion, the judgment and order appealed from are affirmed.

*Affirmed.*

Rehearing denied January 7, 1922.