O'DONNELL, RESPONDENT, v. CITY OF BUTTE, APPELLANT.

(No. 5,606.)

(Submitted January 14, 1925.   Decided March 7, 1925.)

[235 Pac. 707.]

*Appeal and Error—Record on Appeal—Bills of Exceptions—
Settlement After Expiration of Statutory Time—Jurisdiction
—Presumptions.*

Bill of Exceptions—Presentment After Expiration of Statutory Time—
Record on Appeal.
1.   Under section 9390, Revised Codes of 1921, *held* that where a
bill of exceptions appears on the face of the record to have been
filed after the time allowed by law, the record must affirmatively
show that additional time was allowed upon the filing of an affi-
davit disclosing necessity for further time; in the absence of such
a showing the questions sought to be presented for review by the
bill cannot be considered.

Same—Settlement After Expiration of Time a Nullity.
2.   Timely presentation, settlement and signing a bill of excep-
tions is a jurisdictional question; on the expiration of the time
allowed by statute (whether original or extended) the court loses
jurisdiction to settle or sign the bill, and if settled or signed there-
after is a nullity and cannot be considered on appeal even though
opposing counsel should agree to its consideration.

Appeal—Supreme Court will Consider Jurisdictional Questions of Its
Own Motion.
3.   While generally the supreme court will not consider errors not
assigned, it will of its own motion take cognizance of a question
jurisdictional in nature.

Bill of Exceptions—Timely Settlement must Appear in Record on Ap-
peal—Presumptions Unavailable.
4.   That a bill of exceptions was presented, settled and signed
within the time provided by statute must be made to appear af-
firmatively in the record and may not be supplied by the presump-
tion that the trial court in settling and signing it was acting in
the lawful exercise of its jurisdiction. (Sec. 10606, Rev. Codes,
subd. 16.)

Appeal—Presumptions Indulged to Uphold Judgment.
5.   Appellate courts will indulge in presumptions to uphold a judg-
ment but never to reverse it.

*Appeal from District Court, Silver Bow County; Joseph R.
Jackson, Judge.*

2.   Consent of parties as conferring jurisdiction on court to sign and
settle bill of exceptions after time fixed by statute, see note in 13
Ann. Cas. 1115.

ACTION by Catherine C. O'Donnell against the City of Butte. Judgment for plaintiff and defendant appeals.    Affirmed.

Mr. *John T. Andrew* and Mr. *F. E. Blodgett,* for Appellant, submitted an original and a supplemental brief; Mr. *Blodgett* argued the cause orally.

Mr. *William Meyer* and Mr. *N. A. Rotering,* for Respondent, submitted a brief and argued the cause orally.

HONORABLE LYMAN H. BENNETT, District Judge, sitting in place of MR. JUSTICE GALEN, absent on account of illness, delivered the opinion of the court.

This cause is before us on an appeal from a judgment upon a verdict in favor of the plaintiff and against the defendant in an action tried in the district court of the second judicial district of the state of Montana, in and for the county of Silver Bow. The judgment was entered on the twenty-first day of February, 1924. The appeal was taken by the defendant. The proposed bill of exceptions, as drafted, was dated May 19, 1924. Notice of the time the proposed bill of exceptions would be presented for settlement was filed June 2, 1924. Objections to the settlement had been filed by the plaintiff theretofore on May 29, 1924. In substance, the objections were based upon the proposition that the proposed bill of exceptions had not been presented within the time permitted by law. The record does not disclose that any affidavit showing the necessity for further time for the presentation of a bill of exceptions was ever filed or presented to the court.

The questions raised by the specifications of error are, generally speaking, as follows: (1) It is contended that by reason of an affidavit of disqualification, filed before the day the trial commenced, the judge who presided at the trial was disqualified and was without jurisdiction to try the cause. (2) The remaining questions are as to alleged errors committed during the

[72 Mont. 449.]

trial, and the insufficiency of the evidence to support the verdict and judgment.

On February 27, 1924, the defendant was granted forty-five days in addition to the time allowed by law for the presentation of a bill of exceptions. On March 1, 1924, notice of intention to move for a new trial was filed, having been theretofore served. On April 18, 1924, an order was made granting the defendant thirty days in addition to the time granted by the order of February 27, within which to present its bill of exceptions.

In order to pass upon the questions raised by the specifications of error, it is apparent from a reading of the record that every question was such a one as did not appear upon the face of the judgment-roll. It was therefore incumbent upon the defendant to present to this court a sufficient record for examination. In this regard the defendant is at fault, and we are unable by reason thereof to examine into or pass upon any of the questions presented.

Section 9390, Revised Codes of 1921, provides: "Whenever [1] a motion for a new trial is pending, no bill of exceptions need be prepared or settled until the decision of the court upon motion for a new trial has been rendered, but a bill shall be prepared and settled in the same manner and within the same length of time after the decision on the motion for a new trial as is hereinafter provided for the making and settling of bills of exceptions. Except as above provided, the party appealing from a final judgment, if he desires to present on appeal the proceedings had at the trial, must, within fifteen days after the entry of judgment if the action was tried with a jury, or after receiving notice of the entry of judgment if the action was tried without a jury, or within such further time as the court or judge thereof may allow, not to exceed sixty days, except upon affidavit showing the necessity for further time, prepare and file with the clerk of the court and serve upon the adverse party a bill of exceptions. ❋ ❋ ❋ ''

It is perfectly evident, under the language of section 9390 as quoted, that whenever the time allowed exceeds sixty days from and after the fifteen days after the entry of judgment, in case the action is tried with a jury, or after receiving notice of the entry of judgment, if tried without a jury, the record must affirmatively show that such additional time was allowed upon the filing of an affidavit showing the necessity for further time. The language of the section operates as a bar to the extension of time for presentation without the showing by affidavit of necessity for further time. The time allowed by law together with the time which could be granted by the court without the showing by affidavit, in the instant case expired on the sixth day of May, 1924. It was incumbent upon the defendant, in order to have the questions which he submits, reviewed by this court, to file with the clerk of the district court a proposed bill of exceptions on or before the sixth day of May, 1924; this the defendant failed to do. The only alternative was for the defendant to have filed in the cause and presented to the court an affidavit showing the necessity for further time, and in order to show that a bill of exceptions is properly settled—that is, is settled within time—where on the face of the record it appears to have been filed after the time allowed by law, without the showing by affidavit, the bill of exceptions must affirmatively include the showing made.

It might be argued that the bill of exceptions as included in the record was one which was properly settled after or upon the statutory denial of the motion for a new trial, and as such could be considered. The record, however, will not warrant the application of such a proposition. It does not disclose that there ever was a ruling upon the motion for a new trial. The order, made February 27, granting forty-five days in addition to the time allowed by law for the settlement of a bill of exceptions, cannot be considered as granting time after the decision upon motion for a new trial, for the reason that it was made prior to the filing of notice of intention to move for a new trial, and at that time the court was without jurisdiction to make

such an order, no motion having been filed. Disregarding, therefore, the reference made to the former order of the court in the order of April 18, granting thirty days additional time, and considering that order as extending the time thirty days, we have a state of facts which precludes the contention that the bill of exceptions was settled upon the decision of the motion for a new trial.

Under the provisions of section 9400, Revised Codes of 1921, there being no other record upon the subject, the most favorable construction which can be placed upon the facts is that, pursuant to the statutory provisions, the motion came on for hearing not later than ten days after the filing of the notice of motion, and was then heard and decided within the fifteen days after the same was submitted. This would have the ruling of the court upon the motion for new trial, or the decision thereof, rendered not later than the twenty-sixth day of March, 1924. The fifteen-day period allowed by section 9390 for the filing of the proposed bill would then have expired on the tenth day of April, 1924, and it is apparent that any order granting additional time, to have any effect whatever, must be made within the time when the right to file is still alive. The order made April 18 was therefore ineffectual for any purpose whatsoever.

It cannot be held that, disregarding all other facts as shown by the record, and only considering the question of the trial judge's actions in proceeding with the trial of the case after being disqualified, the bill of exceptions as it is in the record is the bill of exceptions contemplated by section 9389 upon a decision "at the time the decision is made," for, even granting for the sake of argument that at the time the court ruled, in effect, that it would proceed to trial, an extension of time could be granted for the filing of a proposed bill of exceptions, no such order was made. If the time may be extended for the settlement of a bill of exceptions pursuant to section 9389, clearly the law would have required that the order extending the time for the filing of the proposed bill be made at the time

of the decision.   The first order extending time appears on the twenty-seventh day of February, and after the judgment was entered.

This matter has been given very careful consideration, for the reason that this court is inclined at all times to consider the merits of all controversies and will, in order to do so, disregard technicalities.   We cannot, however, disregard the clear language and meaning of the statute relative to settlement of bills of exceptions.   The only question, therefore, which could have been considered by this court on the record before it, was whether the judgment appeared upon the face of the judgment-roll to be erroneous.   This question was not presented by argument or in the specifications of error.   The judgment must therefore be affirmed.

*Affirmed.*

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES HOLLOWAY, STARK and MATTHEWS concur.

## OPINION ON MOTION FOR REHEARING.

(Decided April 18, 1925.)

MR. JUSTICE MATTHEWS delivered the opinion of the court.

As grounds for the motion for a rehearing, defendant contends that this court, in disposing of the appeal on the question of the defective bill of exceptions, overlooked and ignored statutory provisions of this state and former controlling decisions of the court, contrary to the rules laid down in the opinion, *viz.*:

(1) That this was an appeal from the judgment, and on such an appeal the court may not review a decision or order from which an appeal might have been, but was not, taken, citing section 9750, Revised Codes of 1921, *Clark* v. *Baker,* 6 Mont. 153, 9 Pac. 911, and *Batchoff* v. *Butte Pac. Copper Co.,* 60 Mont. 179, 198 Pac. 132, and that an order granting additional time in which to present a bill of exceptions is an

appealable order, citing *Beach* v. *Spokane R. & W. Co.,* 21 Mont. 7, 52 Pac. 560, and *McGlauflin* v. *Wormser,* 28 Mont. 177, 72 Pac. 428.

(2) That all objections to the record shall be deemed waived, unless a motion to dismiss has been made, and therefore the court should have held that the objection that the bill of exceptions was not presented or signed within time was waived by not appealing from the order granting additional time in excess of that allowed by statute, under the circumstances commented upon in the opinion, citing section 9747, Revised Codes 1921, and *Great Falls Meat Co.* v. *Jenkins,* 33 Mont. 417, 84 Pac. 74.

(3) That the presumption is that the trial court regularly acted "in the lawful exercise of its discretion," citing section 10606, *Id.*

As the casual reading of the opinion may not disclose the fundamental principle upon which it is based, we deem it advisable, in justice to counsel for appellant and the profession generally, to explain our ruling on the motion for rehearing.

1. Counsel, in their petition for rehearing and in their briefs [2] in support thereof, have entirely lost sight of the facts that the question presented by the condition of the record before us—the condition of the bill of exceptions itself—is one of jurisdiction, and therefore fail to observe the distinction which must clearly be drawn between this opinion and the authorities cited in support of their contentions.

Our statute (sec. 9390, Rev. Codes 1921) prescribes the time for the presentation of a bill of exceptions to the trial court for settlement, the steps to be taken in securing additional time, and the settlement and filing of the bill. On the expiration of the time allowed by statute (whether original or extended) the court loses jurisdiction to settle or sign the bill. (*Evans* v. *Oregon Short Line R. R. Co.,* 51 Mont. 107, 149 Pac. 715; *Crowe* v. *Charlestown,* 62 W. Va. 91, 13 Ann. Cas. 1110, 57 S. E. 330; *St. Louis Ry.* v. *Holman,* 45 Ark. 102; *Carroll* v. *Saunders,* 38 Ark. 216.) Inasmuch as at that time the court is without jurisdiction over either the parties or the subject

matter of the action, a bill of exceptions, presented, settled and signed after the expiration of the time prescribed in the statute for such action, is a nullity, and cannot be considered on an appeal, even when the objection is not urged, and even though counsel should, by consent or written stipulation filed in the appellate court, agree that it shall be considered. (*Crowe* v. *Charlestown, supra; St. Louis Ry.* v. *Holman, supra; Marseilles* v. *Howland,* 136 Ill. 81, 26 N. E. 495; *Hawes* v. *People,* 129 Ill. 123, 21 N. E. 777; *State* v. *Bohan,* 19 Kan. 28; *Vickers* v. *Sanders,* 106 Ga. 265, 32 S. E. 102; *Freeman* v. *Barnham,* 17 B. Mon. (Ky.) 603; *Patterson* v. *Patterson,* 89 Tenn. 151, 14 S. W. 485; *Cooley* v. *United States Sav. Assn.,* 132 Ala. 590, 31 South. 521; *Sewell* v. *Edmonston,* 66 Ga. 353.)

In the case of *Crowe* v. *Charlestown,* cited, counsel attempted to agree that the bill of exceptions was properly presented and settled within time. After reviewing the decisions of other states and concluding that the great weight of authority was as stated in the opinion, and that those holding to the contrary were based upon statutes permitting consent, or without precise limitations, the court said: "Our conclusion is that the court was without power or authority to sign the bills of exceptions after the expiration of the time given in the statute; that there was no jurisdiction for so doing, the court having lost jurisdiction of the subject matter, as well as the parties, at the expiration of that time. * * * [this] * * * is consonant with both reason and authority, * * * and inasmuch as the court had no jurisdiction, it follows necessarily that the parties were powerless to confer such jurisdiction by agreement or consent."

In the Kansas case of *State* v. *Bohan,* cited, every effort seems to have been made by counsel for respondent to cure the defect and to urge the court to consider the bill of exceptions, yet the court said: "The defective record has been attempted to be cured in three ways, *viz.,* by filing an agreement from the late Attorney General that the bills of exceptions were properly signed and filed, and that the case might be heard upon the

merits, by bringing to this court a copy of an agreed statement showing that the bills of exceptions were presented to the court below on May 27, for allowance, and by an alleged *nunc pro tunc* order of the court of June 5. * * * If counsel could waive in this court manifest irregularities as to the mode and time of signing and filing bills of exceptions, the preparation and approval of bills of exceptions beyond term time would become allowable, and the provisions of the statute in this respect be disregarded. * * * A bill of exceptions, which has been allowed and filed beyond the trial term, * * * cannot be considered here, although counsel formally agree to waive the disregard of the law as to the making of the said bills of exceptions.''

2. As to the court disposing of the question on its own motion, without a proper presentation: A question, jurisdictional in its nature, must be disposed of by the supreme court, no matter how irregularly called to its attention, (*People v. Oakland Water Front Co.*, 118 Cal. 234, 50 Pac. 305), where it was urged, as here, that the question was not presented and could not be considered, the court saying: ''There is, however, a preliminary question, jurisdictional in its nature. which must first be disposed of. * * * No motion to dismiss upon this ground was made, * * * but notwithstanding the failure of the defendants to raise this objection in the regular way, we consider it necessary to decide if for the reason that it is, as above stated, jurisdictional in its nature.''

In *McKinnon* v. *Hall*, 10 Colo. App. 291, 50 Pac. 1052, there appears in the syllabus the following: ''The appellate court will, *sua sponte,* notice want of jurisdiction in the trial court, if apparent on the record, though the question is not raised in either court by the parties.'' The statement is supported by the following declaration of the court: ''The jurisdiction of courts is defined by the law, and, where it does not legally exist, no consent of parties can confer it. There was no suggestion of want of jurisdiction made in the district court,

and none is made here; but, where such want appears upon the face of the record, we are compelled to notice it."

Corpus Juris lays down the rule that: "It is very generally held that the appellate court will, without any assignment of error or a specification in the grounds or reasons of appeal, notice its own want of jurisdiction, or the lower court's want of jurisdiction over the subject matter." (13 C. J. 1343, citing a long list of authorities.)

This is an exception to the rule that an appellate court will not consider errors not assigned. (*Weisman* v. *Russell,* 10 Or. 73; *Ware* v. *Clark,* 58 Tex. Civ. App. 356, 125 S. W. 618; *Robertson* v. *Robertson,* 178 Mo. App. 478, 163 S. W. 266; *Fore River S. Co.* v. *Hagg,* 219 U. S. 175, 55 L. Ed. 163, 31 Sup. Ct. Rep. 185 [see, also, Rose's U. S. Notes].)

In *Philbrook* v. *Randall* (Cal. Sup.), 231 Pac. 739, it is said: "The appellate court cannot be expected to prosecute an independent inquiry for errors upon which the appellant may possibly be relying. It will notice only those assignments pointed out by the brief, and all others are deemed to have been waived or abandoned. However, this rule is subject to limitations, and the court is at liberty to decide a case upon any points that its proper decision may require, whether taken by counsel or not"—citing *Hibernia S. & L. Society* v. *Farnham,* 153 Cal. 578, 126 Am. St. Rep. 129, 96 Pac. 9; 2 Cal. Jur. 729.

3. As to the question of the presumption of regularity, it [4] is true that section 10606, Revised Codes of 1921, provides certain "disputable presumptions" may be indulged in, among which are: "16. That a court or judge, acting as such * * * was acting in the lawful exercise of his jurisdiction." However, the timely presentation, settlement and signing of a bill of exceptions is a jurisdictional question. It is generally held that it must be made to appear affirmatively in the record that the bill of exceptions was presented, settled and signed within the time provided by statute. (*Southerland* v. *Putnam,* 3 Ariz. 188, 24 Pac. 320; *Widner* v. *Buttles,* 3 Colo.

1; *Malott* v. *Central T. Co.*, 168 Ind. 428, 11 Ann. Cas. 879, 79 N. E. 369; *Baker* v. *Georgia Cent. Ry.*, 165 Ala. 466, 51 South. 796.)   And this timely action may not, ordinarily, be supplied by a presumption. (*Baker* v. *Georgia Cent. Ry., supra; Corley* v. *Evans*, 4 Bush (Ky.), 409; *Hill* v. *Bassett*, 27 Ohio St. 597; *Commercial Nat. Bank* v. *Thrasher*, 61 Mont. 242, 201 Pac. 1009; *Woodard* v. *Webster*, 20 Mont. 279, 50 Pac. 791.)

In the case of *Baker* v. *Georgia Cent. Ry., supra,* the court said: "The burden is on the appellant to show that his bill was signed within the time required by law. There is no presumption, in the absence of proof, that it was so signed. Before the adoption of the present Code a bill would be stricken, on motion of appellee or by the court *ex mero motu,* unless it appeared that the bill was signed within the time required by law. The statute now provides that the bill may be stricken only on appellee's motion   *   *   *   ; this statute does not change the rule as to the necessity of its being made to appear that the bill was signed within the time required by law."

In *Commercial National Bank* v. *Thrasher, supra,* this court said: "The record is wholly barren of an excuse for delay in the presentation of the proposed bill and amendments to the trial judge. Likewise it is undisclosed whether or not the proposed amendments to the bill were allowed. In the absence of an affirmative showing to excuse the delay, there is no presumption to justify it"—citing *Woodard* v. *Webster, supra.*

It has been held that "courts will indulge in presumptions [5] to support a judgment but never to reverse it." (2 R. C. L. 221; *Brady* v. *Kreuger*, 8 S. D. 464, 59 Am. St. Rep. 771, 66 N. W. 1083; *Philbrook* v. *Randall, supra.*)

In *Sheppard* v. *Sheppard*, 15 Cal. App. 614, 115 Pac. 751, it is said: "In the absence of anything to the contrary appearing in the record, it will be presumed that a bill of exceptions was presented and signed within time." In our opinion that court meant no more than to say that, if no

objection to the settlement of the bill appears in the record, the court will presume that the bill was settled in time. And this court will not search the record for error not called to its attention in any manner, but will, ''in the absence of anything to the contrary appearing in the record,'' indulge in that presumption.

But even this rule cannot assist the defendant here, as the bill of exceptions shows on its face that the court had lost jurisdiction long prior to its presentation for settlement, without excuse for the delay, and that it was settled and signed, not by consent, express or passive, of the plaintiff, but over the strenuous objection of counsel, and even the acceptance of service was qualified by the declaration that such acceptance was ''without waiver of any objection and reserving all objections and especially the objection that this service is more than two months too late.'' These objections and the conditional acceptance of service are a part of the record before us.

For some unexplained reason, counsel for plaintiff neglected to take advantage of the objections and exceptions reserved by appropriate action; but with this jurisdictional defect in the bill staring us in the face, it was our duty to take notice thereof, and *ex mero motu* to declare the purported bill of exceptions a nullity, thus disposing of the appeal as we did in the original opinion.

*Rehearing denied.*

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES HOLLOWAY and STARK concur.

MR. JUSTICE GALEN, being absent on account of illness, took no part in the original decision and takes no part in the decision on motion for rehearing.