# Cooley *v.* United States Savings & Loan Association.

## *Motion to Strike Bill of Exceptions.*

### [Decided December 19, 1901.]

1. *Bill of exceptions, time for signing, under Rule 30, page 1200 of Code.*—Where the time for signing a bill of exceptions is extended by agreement of counsel to a date subsequent to the beginning of the term of court next after the term at which the case was tried, and subsequent extensions are made by order of court, and the bill is signed within the time thus extended and within six months from the date of trial, but after the beginning of the next term, it will be stricken from the transcript on motion, the agreement of counsel being ineffective and *functus officio* and the court having no power to revive it at a later date, and section 620 of the Code not being applicable to such a case.

[Cooley v. United States Savings & Loan Association.]

APPEAL from Jefferson Circuit Court.

Tried before Hon. A. A. COLEMAN.

Statutory action of ejectment. A motion was made in this court to strike the bill of exceptions. The case was tried in the lower court on May 25, 1900. The other facts considered on the motion are shown by the opinion.

WHITE & HOWZE, for movant, cited in support of the motion, *Powell v. Sturdivant*, 85 Ala. 245; *Bass Fur Co. v. Glasscock*, 86 Ala. 244; *Rosser v. State*, 96 Ala. 76; *Morris v. Brannum*, 103 Ala. 602; Code, §§ 617, 619, and p. 1200; Circuit Court Rule 30; 26 Am. & Eng. Ency. Law (1st ed.), 10, note; *People v. Robertson,* 39 Barbour 9.

G. A. EVANS, J. G. CREWS and J. A. MITCHELL, *contra,* cited Code, §§ 616-620; 23 Am. & Eng. Ency. Law, (1st ed.), 297, 319, 322, 412, *Cahall v. Cit. Mut. Bldg. Asso.,* 61 Ala. 239; *Scott v. Simmons,* 70 Ala. 352; *Lemay v. Walker,* 62 Ala. 39; *People v. VanNort,* 64 Barbour 205; Endlich on Interp. of Stat., §§ 27, 103, 107, 108.

SHARPE, J.—A motion here made to strike the bill of exceptions from the record is based on the following facts appearing in the transcript: The case was tried at the Spring term, 1900, of the circuit court of Jefferson county. Orders of court were made for extending time for signing a bill of exceptions the last of which orders bears date as of July 23, 1900, and purports to extend the time thirty days from that date. By a writing dated July 27, 1900, counsel for the parties, respectively, agreed to extend the time for signing to October 1, 1900. On October 1, 1900, the court made another order purporting to extend time to November 15, 1900, and again on the last named day it made an order purporting to further extend time for thirty days. The bill of exceptions was signed on November 24, 1900.

The time fixed by law for beginning the Fall term of that court is the fifth Monday after the third Monday in August.

Practice rule 30, Code, page 1200, is as follows: "In all circuit and inferior courts of common-law jurisdiction, bills of exceptions may be signed by the presiding judge at any time during the term at which the trial or proceeding is had, or, by written consent of the parties, or their counsel, filed in the cause, at any time before the next succeeding term of such court, and not afterwards." The latter clause of this rule is prohibitory. Under it the agreement of counsel was ineffective to extend the time for signing the bill of exceptions beyond the beginning of the Fall term of court. Thereafter the agreement was *functus officio,* the extension was cut off and the court was without power to revive it at a later day.

The statute empowers the *judge* in *vacation* to make extensions but it intends his action shall be taken before the expiration of the time previously fixed so as to preserve continuity of the period during which there could have been a proper signing. This construction is as well applicable to section 619 of the Code as to the former statute which confined his authority in vacation to extending previous orders, as to which see *Morris v. Brannen,* 103 Ala. 602; *Rosson v. State,* 92 Ala. 76; *Powell v. Sturdevant,* 85 Ala. 245.

Section 620 of the Code provides, "The time allowed for signing a bill of exceptions must not be extended beyond six months from the adjournment of Court." This is a prohibition applicable to extensions whether made by order or agreement or by both. The prohibition in rule 30 applies only when signing is by consent. Both the rule and statute have a field of operation wherein they do not conflict. Therefore the statute does not abrogate the rule but both must be given effect.

The motion to strike must prevail and the assignments of error being based alone on the bill of exceptions have nothing to support them. Consequently the judgment will be affirmed.