# Wright *v.* The State.

*Indictment for an Assault with a Weapon.*

1. *Bill of exceptions; disregarded when not signed within the time allowed.*—Unless it affirmatively appears from the record in a case that the bill of exceptions was signed within the time prescribed by law, or within the time fixed by the order of the court, it will not be considered on appeal.

APPEAL from the Criminal Court of Pike.

Tried before the Hon. T. L. BOROM.

The appellant, Ennis Wright, was indicted, tried and convicted for an assault with a weapon. The facts of the case necessary to an understanding of the decision on the present appeal, are sufficiently stated in the opinion.

D. A. BAKER, for appellant.

MASSEY WILSON, Attorney-General, for the State,

cited *Carlisle v. Killebrew,* 70 Ala 401; *Olmstead v. Crook,* 89 Ala. 228.

TYSON, J.—Under the act establishing the criminal court for the county of Pike (Acts, 1888-9, p. 631), the court is required to hold its regular terms monthly. These terms begin on the first Monday in each month. This case was tried at the October term 1902 and on the 16th day of that month, a day during the term, an order was entered upon the minutes of the court allowing defendant thirty days to file his bill of exceptions. On the 11th day of November following, a day during the regular term held for that month, another order was entered upon the minutes of the court extending the time for the filing of the bill of exceptions fifteen days. The paper in the record purporting to be a bill of exceptions bears no date, showing when it was signed by the judge, but purports to have been filed with the clerk on the 25th day of November, 1902.

It is clear from the foregoing statement that it is not made to affirmatively appear that the paper purporting to be a bill of exceptions was signed within the thirty days fixed by the first order, and that unless the second order was valid the judge was without authority to sign it. This order is in form an order by the court and not by the judge. It is elementary that after the expiration of the October term, the court could make no valid order in the cause at the subsequent term. It was without power at a subsequent term to extend the time for the signing of the bill.—*Blake v. Harlan,* 75 Ala. 205. It is true the Statute (§ 617 of Code) confers authority upon the judge in vacation to extend the time. But the second order was not made in vacation, but in term time, and was made by the court and not by the judge.—15 Ency. Pl. & Pr. p. 340 and note.

The paper in the record purporting to be a bill of exceptions, not appearing to have been signed in time, must be disregarded.

There is no error in the record and the judgment of conviction must be affirmed.