[Birmingham Railway & Electric Co v. James.]

# Birmingham Railway & Electric Co. *v.* James,

*Action against Street Railway Company to recover Damages for Personal Injuries.*

1. *Pleading and practice; when defendant not prejudiced by demurrer having been sustained to plea.*—Where, in a civil case, after a demurrer is sustained to one of the defendant's pleas, a trial is had and judgment rendered for the plaintiff, which is, on motion of the defendant for a new trial, set aside, and when the case is subsequently tried, the complaint is amended and the defendant refiles to the complaint, as amended, "its pleas heretofore filed to the original complaint," and the cause is tried upon issue joined on each of the pleas, without a demurrer being interposed to any of them, the defendant has the benefit of the plea as originally filed, to which a demurrer had been sustained, and, therefore, suffered no injury from the sustaining of the demurrer in the first instance.

2. *Bill of exceptions; time for signing under rule of practice; when will not be considered on appeal.*—When the time for signing the bill of exceptions is extended by agreement of counsel to a day subsequent to the beginning of the term of the court next after the term at which the case was tried and subsequent extensions are made by order of the court, and the bill is signed within the time thus extended, but after the beginning of the next term, such bill of exceptions is signed in violation of Rule of Practice, No. 30, p. 1200 of the Code, and will not be looked to or considered on appeal.

APPEAL from the City Court of Birmingham.

Tried before the Hon. WILLIAM W. WILKERSON.

This was an action brought by the appellee, D. L. James, against the Birmingham Railway & Electric Company to recover damages for personal injuries sustained by the plaintiff while a passenger upon one of defendant's street cars.

There were verdict and judgment in favor of the plaintiff. From this judgment the defendant prosecutes the

present appeal.    The facts of the case necessary to an understanding of the decision on the present appeal sufficiently stated.

WALKER, TILLMAN, CAMPBELL & MORROW, for appellant.

LANE & WHITE, contra.

DOWDELL, J.—It appears from the record, that after the court had sustained a demurrer to the defendant's 5th plea, a trial was then had, resulting in a verdict and judgment for the plaintiff, which was afterwards, on motion of the defendant for a new trial, set aside, and the cause then continued to another term.    At the subsequent term the plaintiff amended his complaint, whereupon the defendant refiled to the complaint as amended, as the record recites, "its pleas heretofore filed to the original complaint."    After this no demurrer was interposed to the pleas, and the cause was tried on issue joined on all of the pleas.    From this it appears that the defendant had the benefit of its plea as originally filed, at least, it does not appear to the contrary from the records, and consequently suffered no injury from the ruling on the demurrer in the first instance.    The ruling of the court on the demurrer to the 5th plea, is the only error assigned on the record proper.

The bill of exceptions was not signed at the term at which the trial was had, nor was there any order of the court made extending the time for signing the same. There was an agreement of counsel extending the time, and by which the time fixed for the signing of the bill was after the commencement of the next regular term of the court.    The time was still further extended, and the bill was then signed within the extended period, which was after the beginning of said subsequent term of the trial court.    This was in violation of rule 30 of practice. and under the authority of *Cooley v. United States Saving & Loan Association*, 132 Ala 590, the bill cannot be looked to or considered as to matters arising and excep-

tions taken on the trial, forming no part of the record for that purpose. And it follows, that the assignments of error based on matters, which alone can be shown by proper bill of exceptions cannot be considered. The bill of exceptions, however, having been signed during the term at which the motion for a new trial was ruled on, it might be considered as to such ruling. But the assign ment of error as to the refusal of the court to grant the motion for a new trial, not being insisted on, we decline to consider it.

No error being shown by the record, the judgment will be affirmed.

### On Application for Re-hearing.

PER CURIAM.—The agreement of counsel as to the signing of bill of exceptions, shows on its face that the bill was not to be signed in any event until after ruling on motion for a new trial, which motion by the terms of the agreement had been continued to the next term of the court. So it is made clearly to appear, that the time fixed by the agreement for the signing of the bill was sub sequent to the commencement of the next succeeding term of the court. The agreement being invalid, the sub sequent orders made by the judge, after the adjournment of the court at which the trial was had, extending the time, were inefficacious. We adhere to the decision in the case of *Cooley v. United States Saving & Loan Association,* 132 Ala. 590.

Application for re-hearing overruled.