# Abercrombie & Williams *v*. Vandiver.

## *Action of Assumpsit.*

1. *Bill of exceptions; stricken from record when signed after commencement of next term of court.*—A paper purporting to be a bill of exceptions, which is signed after the commencement of the term of court succeeding that of the trial, will be disallowed as a bill of exceptions and stricken from the record on appeal, because signed in violation of Rule 30 of circuit and inferior courts practice, (Code, p. 1200); and this is true, though the paper was signed within the time fixed by the written agreement of counsel.

APPEAL from the Circuit Court of Montgomery.

Tried before the Hon. J. C. RICHARDSON.

This action was brought by the appellants, Abercrombie & Williams, a partnership, against W. F. Vandiver; and sought to recover $150,000, alleged to be due under a contract for work and labor performed.

There was a judgment in favor of the plaintiffs, fixing their recovery at $10,352.35. From this judgment the plaintiff appeals, and assigns as error the many rulings of the trial court to which exceptions were reserved. The errors assigned are based upon the rulings of the trial court which are shown only in what purports to be a bill of exceptions.

Under the opinion on the present appeal, it is unnecessary to set out the facts of the case in detail.

JOHN P. TILLMAN, JOHN M. CHILTON and FRED S. BALL, for appellants.

GRAHAM & STEINER, *contra.*

McCLELLAN, C. J.—This cause was tried at the January term, 1901, of the circuit court. An order was then made by the court allowing ninety days for a bill of exceptions. This time was extended by successive written agreements of counsel to July 19, 1901. The bill of exceptions appearing in the record was signed on July 8, 1901. This was within the time of the last agreed extension; *but it was after the commencement of the term of court succeeding that of the trial.* On the authority of the case of *Cooley v. United States Savings & Loan Association,* 132 Ala. 590, which was reaffirmed and followed in the case of *Birmingham Rwy. & Elec. Co. v. James,* at this term, 138 Ala. 594, 36 So. Rep. 464, and has again been considered with refference to the case at bar, and is now being reaffirmed, the bill of exceptions, or rather the paper purporting to be a bill of exceptions, in this case must be disallowed as a bill of exceptions and stricken from the record because signed, though upon agreement, after the commencement of the next term of the court following the trial term, in violation of Rule 30 of Circuit and Inferior Courts Practice (Code, 1896, p. 1200).

All the assignments of error are based upon the supposed bill of exceptions. That being eliminated from the record, no ruling of the circuit court is presented for review, and the judgment must be affirmed.

Affirmed.