# Scott *v.* The State.

*Indictment for Murder.*

| 141 | 39 |
| 142 | 13 |
| 141 | 39 |
| 144 | 157 |

1. *Bills of exceptions; extension of time for signing by court at special trial unauthorized.*—The statutes giving authority to extend the time for the signing of bills of exceptions after it has been fixed by the court in term time (Code §§616, 617), confer such authority alone upon the judge to be exercised by him in vacation, and not upon a court which he may subse-

[Scott v. The State.]

quently convene; and, therefore, the extension of the time for signing a bill of exceptions by order of a court at a special term held within the time for signing said bill fixed by the court at the term the case was tried, is unauthorized and a bill of exception signed within the time fixed by order of the court at said special term, but beyond the time as originally fixed, will not be considered on appeal.

2. *Drawing of special jury in capital case; the drawing must be by the judge himself.*—Under the provisions of the statute regulating the drawing of special juries for capital cases, which prescribes that the "presiding judge" shall draw from the jury box the names etc. of the persons to constitute the special venire (Code §5004), it is necessary that the presiding judge must perform the manual act of drawing the names of the jurors, and cannot authorize another under his direct and immediate supervision to do so. (TYSON, J., *dissenting.*

3. *Drawing of special jury in capital case; when judgment entry insufficient.*—The recital in a minute entry relative to the drawing of a special venire for the trial of a capital case, that "the court drew from the box 50 jurors," etc., does not show affirmatively that the presiding judge complied with the mandate of the statute.

APPEAL from the Circuit Court of Sumter.

Tried before the Hon. HENRY B. FOSTER, Special Judge.

The appellant in this case, Bob Scott, was indicted and tried for the murder of Robert H. Seymour, was convicted of manslaughter in the first degree, and sentenced to imprisonment in the penitentiary for four years.

The facts of the case relating to the rulings of the trial court, which are reviewed on the present appeal, are sufficiently stated in the opinion.

J. J. ALTMAN and A. G. & E. D. SMITH for appellant. Section 5004 of the Code provides that the Court shall cause the box containing the names of jurors to be brought into the court room, and after having the same well shaken, the *presiding judge* shall then and there publicly draw therefrom, etc., etc. This record does not show that the *"presiding judge"* drew the names of the special jurors from the box, but on the contrary, it shows

that "the court" drew the names of the special jurors from the box. This is not in accordance with the statute. It has been several times held by this court that a judgment of conviction or a trial for an offense that may be punished capitally cannot be upheld on appeal unless the record shows affirmatively that a special jury was drawn in accordance with the requirements of the statute.—*Kinnebrew v. State,* 132 Ala. 8; *Burton v. State,* 115 Ala. 1 and cases cited. The act of the "Court" is not the act of the *"presiding judge."* The distinction has many times been drawn in this State. *Ex parte Fuquhar,* 99 Ala. 375; *Wright v. State,* 136 Ala. 50.

The requirements of the statute for drawing juries are mandatory.—*Steele v. State,* 111 Ala. 32; *Johnson v. State,* 102 Ala. 1; *Wells v. State,* 94 Ala. 1.

MASSEY WILSON, Attorney-General for the State. After the expiration of the trial term on October 31st, the time for signing the bill of exceptions must have been extended by the *presiding Judge as such,* and could not be made by the court. The second extension was made at a special term of court, and as above shown is found in the course of a judgment or order of the court reciting the actions of the court at this special term. "It is elementary that after the expiration of the October term the court could make no valid order in the case at a subsequent term. It was without power at a subsequent term to extend the time for signing the bill."—*Wright v. The State,* 136 Ala. 50. Nor could the time be extended beyond the expiration of the term following the trial. The bill bears date as of April 25, 1904. The trial was had on October 26, 1903. The succeeding term of the Sumter County Circuit Court began on April 11, 1904, being the seventh Monday after the fourth Monday in February. For that reason also, the bill cannot be sustained.

TYSON, J.—The point is made by the Attorney-General that what purports to be a bill of exceptions in the record should not and cannot be considered by this

court. He predicates his contention upon the following facts shown by the record.

The trial of the case was had on the 26th day of October, 1903. On October 31st following, (this being the last day of the term) an order was entered on the minutes of the court "that sixty days be allowed defendant within which to file bill of exceptions." On the same day defendant filed his motion in arrest of judgment and for a new trial which was "continued to be heard in vacation." On December 16th, 1903, an order was made by the judge of the sixth judicial circuit for a *special* term to commence on the next day, "for the hearing of defendant's motion and for the trial of such other cases, civil and criminal, as may be tried by consent." This special term was held in pursuance of the order and adjourned during the day on which it was convened. In the judgment entry disallowing an amendment, of-fered by defendant, of his motion, "it is ordered by the court * * * that defendant be allowed until the 1st day of February, 1904, to prepare and have signed a bill of exceptions in this case, in the original cause and also the motion." On January 28, 1904, the judge extended the time ten days for preparing and signing the bill of exceptions. On February 1st, 1904, another order was made by the judge extending the time until May 1st, 1904. The paper purporting to be the bill of exceptions was signed on April 25, 1904.

From the foregoing statement it is apparent that whether the paper is or is not a bill of exceptions depends upon the validity of the order of the court made at the special term extending the time for signing to February 1st.

If the court was without authority to make it under the statutes regulating the extension of time for signing bills of exceptions, then the judge was without authority to sign the paper and it did not and could not become a bill of exceptions.

Section 616 of the Code provides that "No bill of exceptions can be signed after the adjournment of the court during which the exception was taken * * * except in such cases as is otherwise provided."

[Scott v. The State.]

Section 617 provides that "the court may in term time, fix a time in which the bill of exceptions may be signed, and the judge may, in vacation, extend such time."

It is quite apparent from these statutes that authority to extend the time, after it has been fixed by the court in term time, is conferred alone on the *judge* to be exercised by him in vacation and not upon a court which he may subsequently convene.

The manifest purpose of the statutes, and one which we think is fairly declared by them, is that after the term of the court has adjourned at which the case was tried, the court has no further control over the matter of time within which a bill of exceptions is to be signed any more than it has over other matters finally disposed of by it. It cannot with reason, be contended, that if the court should adjourn without making an order fixing a time for the signing of a bill of exceptions in a cause disposed of, that the court at the subsequent term, whether special or regular, could add to the minute entry in the cause an order fixing the time. And when the court fixes the time by an order, say for a given number of days, we apprehend, that it cannot, at a subsequent term, change the order by lessening the number of days. If it cannot lessen the time, it cannot, of course, extend it, for it has as much authority for doing the one as the other. To permit this would be to allow a court to amend or alter its records at pleasure. If authority was not expressly conferred by statute upon the court it could not fix a time in which the bill of exceptions may be signed. The statutes not enlarging its power or authority beyond that of fixing the time, cannot be construed as conferring authority upon the court at a subsequent term to extend the time theretofore fixed by the court at its regular term.

Should it be said the order though invalid because made by the court in term time, it is nevertheless made by the judge, and therefore an exercise by him of the authority conferred by the statutes, the answer is that the statutes confer the authority upon him to be exercised only *in vacation*. This is entirely plain from their

language and there is no room for an interpretation of them on this point. Wherever the authority is conferred upon him the statutes expressly limit the exercise by him by the use of the words, *"in vacation."* The legislature would scarcely have employed these words twice without intending that they should have their natural and legal effect—a limitation or restriction as to when the authority should be exercised. See also §619 of the Code.

Conferring as they do an original jurisdiction, one never existing before, the scope of the jurisdiction cannot be enlarged by intendment against the plain letter of the statutes.—Endlich on Int. Statutes, §155. The point here presented was practically decided in *Wright v. State,* 136 Ala. 50.

We feel constrained to hold that the paper in the record purporting to be a bill of exceptions, not appearing to have been signed in conformity with the requirements of the statutes, must be disregarded.

The other members of the court, while concurring fully in this conclusion, prefer to rest it upon the proposition that the order of December 17th was by the court and not by the judge. They express no opinion as to the other proposition laid down : so, then, what is there said must be taken as the individual views of the writer and not of the court.

The only other point to be considered is the one raised upon the recital of the minute entry showing the drawing of the special venire. It is there recited "the *court* drew from the box fifty jurors," etc. The statute prescribes that the "presiding judge" shall draw from the box the names, etc.—§5004 of the Code.

The insistence is that the statute is mandatory and the record must affirmatively show that the special venire was drawn as directed by it. From this it is concluded that the act of the "court" is not the act of the "presiding judge." To state the proposition more accurately, that the recital that " the court" drew the names to compose the special venire does not affirmatively show that the "presiding judge" drew them. While it is true this court has uniformly held this stat-

ute to be mandatory, and that the record must show affirmatively that a day was set for the trial and that a special jury was drawn as required by the statute; it has never held that the "presiding judge," the chief officer of the court, must perform the manual act of drawing the names and that he cannot direct another to perform the service in his presence and under his direction. Nor do we think the statute excludes the performance of the act in this way, and if done in this way we entertain no doubt that it is a compliance with the mandates of the statute. The act of drawing being performed by the court as the record recites, it is affirmatively shown that it was done either by the presiding judge himself or by another person in his presence and under his authority.

The other members of the court, however, entertain the opinion that under the statute the presiding judge must perform the manual act of drawing the names, and cannot authorize another, under his direct and immediate supervision, to do so. They, in consonance with this view, hold that it is not made to affirmatively appear that the presiding judge complied with the mandate of the statute. In this conclusion the writer cannot concur. He thinks the construction entirely too technical.

Reversed and remanded.