# Rainer Mercantile Co. *v.* Deal. and Deal *v.* Rainer Mercantile Co.

## *Assumpsit.*

(Decided May 30, 1907.  44 South. 100.)

1. *Appeal; Record; Bill of Exceptions; Extension of Time; Agreements.*—There were several agreements extending the time for signing the bill of exceptions signed by the attorneys for both parties, and on thse agreements was ndorsed, "filed in office this day" mentioning the date and followed by the signature of the clerk of the court; these agreements were copied in the rcord with the bill of exceptions followed by the certificate of the clerk that the foregoing pages of the record contained a complete transcript of the case, etc. Held, that the agreements were sufficiently authenticated.

2. *Exceptions, Bills of; Time of Signing; Statute.*—The act creating the Coffee County Court, (Acts 1903, p. 404), provides for monthly term of said court but makes no provision for the signing of bills of exceptions, relegating that matter to the general law of circuit court. Held, that under rule 30, Circuit Court Practice, a bill of exceptions could not be signed during or after the next succeeding term of court notwithstanding the parties entered into stipulations extending the time.

[Rainer Mercantile Co. v. Deal and Deal v. Rainer Mercantile Co.]

APPEAL from Coffee County Court.

Heard before Hon. H. H. BLACKMAN.

Assumpsit by the Rainer Mercantile Co. against J. M. Deal. From the judgment entered in the cause plaintiff appeals and defendant files a cross appeal. Affirmed on both appeals.

RILEY & WILKERSON, for appellant.—It is impossible under the facts in the case to say how much of the rent is due for the real property and how much for the personal property, and it is impracticable therefore to enforce a lien for the rent of the house for which the parties failed to provide in their contract.—Section 2716, Code 1896; *Stringfellow v. Ivey*, 73 Ala. 209; *McDonald v. Elyton Land Co.*, 78 Ala. 386; *Wilkerson v. Palmer*, 82 Ala. 267; *Bridgeport L. & I. Co. v. Steel Car Co.*, 94 Ala. 592; *Parrish v. Hastings*, 102 Ala. 415; *Hester v. Hunnicutt*, 104 Ala. 282. Counsel make other insistencies but cite no authorities in support of them.

J. F. SANDERS, for appellee.—The bill of exceptions should be stricken. It does not appear from the record that it was signed in time.—*Morris v. Brannon & Son*, 103 Ala. 602. Furthermore, it was signed after the succeeding term of the court.—5 Mayf. p. 103; *Cooley v. U. S. Co.*, 132 Ala. 590. If the leading inducement to the contract was the rental of the building, a lien is created.—*Union Warehouse Co. v. McIntyre*, 84 Ala. 78; *Garrison v. Webb*, 107 Ala. 499. The court did not err in its rulings on the evidence.—*Comer v. Bankhead*, 70 Ala. 136; *Abercrombie v. Vandiver*, 28 South. 491.

SIMPSON, J.—The appellee calls attention to certain irregularities in regard to the time of signing the bill of exceptions. The first is that certain agreements extending the time of signing the bill of exceptions do

[Rainer Mercantile Co. v. Deal and Deal v. Rainer Mercantile Co.]

not appear, either in the proceedings of the court or in the bill of exceptions, but are copied in the record after the bill of exceptions. These agreements appear to be signed by the attorneys for both plaintiff and defendant, and to each one there is added the statement, "Filed in office this day" (mentioning the date), and this is signed "R. A. King, Clerk"; the last one being on page 11 of the record, and the clerk makes the usual certificate that "the foregoing pages, from one to eleven, inclusive, contain a full and complete transcript," etc. This sufficiently authenticates the agreements.—*Mobile & Birmingham R. R. v. Worthington*, 95 Ala. 598, 10 South. 839; *National Bank of Augusta v. Baker-Hill Iron Co.*, 108 Ala. 635, 19 South. 47.

The second irregularity is that the judgment was rendered on July 5, 1906, at which time the judgment allowed 30 days within which to sign the bill of exceptions, after which several agreements were made extending the time, and, although the bill was signed within the time fixed by the last agreement, yet it was not until November 3, 1906, after several terms of said court had passed  According to the act of its creation, the county court of Coffee county holds monthly terms; and the act makes no special provision in regard to the signing of bills of exceptions, but refers the matter to the general law in regard to circuit courts.—Acts 1903-4, p. 404. Practice rule 30 (Code 1896, p. 1200) provides that, "in all circuit and inferior courts of common-law jurisdiction" the time may be extended by agreement only to "any time before the next succeeding term of such court, and not afterwards." The bill of exceptions in this case, having been signed after the next succeeding term of said court, cannot be considered.—*Cooley v. U. S. Savings & Loan Ass'n*, 132 Ala. 590, 31 South. 521; *Birmingham Railway & Elec. Co. v. James*, 138 Ala. 594, 36

[Rawls & Rawls, et al. v. J. T. Scott & Son.]

South. 464; *Abercrombie & Williams v. Vandiver*, 140 Ala. 228, 37 South. 296.

It is unnecessary to consider the assignments in the cross-appeal, as the case must be affirmed.

The judgment of the court is affirmed.

TYSON, C. J., and HARALSON and DENSON, JJ., concur.