[Holifield v. The State.]


# Holifield *v.* The State.

*Assault to Rape.*

(Decided Nov. 21, 1907.   44 So. Rep. 956.)

*Bills of Exception; Approval; Time; Extension.*—Agreement of counsel is ineffetcual, under section 4812 and rule of circuit court practice 30, Code 1896, to extend the time for signing a bill of exceptions beyond the first day of the next succeeding term of court.

APPEAL from Talladega City Court.

Heard before Hon. G. K. MLLER.

James Holified was convicted of crime and appeals. Affirmed.

JAMES C. BURT, for appellant.   No brief came to the Reporter.

ALEXANDER M. GARBER, Attorney General, and MARION H. SIMS, for the State.   The time for signing the bill of exceptions cannot be extended beyond the commencement of the court succeeding that of the trial by the written consent of the parties or their counsel.— *Davis x. The State,* 146 Ala. 157; *Adams v. The State,* 40 South. 85; 132 Ala. 590; 138 Ala. 594; 140 Ala. 228; Rule of Practice, No. 30, p. 1200.   Code 1896.

SIMPSON, J.—The defendant was convicted in May, 1907, and on the 18th of May, 1907, was sentenced, and granted 60 days within which to file a bill of exceptions. On July 11, 1907, counsel signed an agreement to extend the time for signing the bill of exceptions 60 days.   According to the statute, the term of the city court of Talladega begins on the first Monday in September and ends on the last day of June of each year.   Acts 1894-95,

p. 1220. The agreement could not extend the time for taking the bill of exceptions beyond the commencement of the next succeeding term of the court, and, as the bill of exceptions in this case was not "tendered and approved" until September 9, 1907, it cannot be considered. Rule of Practice 30, p. 1200, and section 4812, Code 1896; *Abercrombie & Williams v. Vandiver,* 140 Ala. 228, 37 South. 296, and numerous other cases on this subject.

There being no error apparent on the record, the judgment of the court is affirmed

TYSON, C. J., and DOWDELL and DENSON, JJ., concur.