# Odom *v.* The State.

## *Murder.*

1. *Jury; Drawing; Judge; Court.*—A grand jury drawn by the court is legal notwithstanding that section 18, Acts 1909, p. 312, provides that the judge shall draw them, since the provisions of sections 29 of said act makes the drawing, summoning or empanelling directory merely; hence, the right to plead in abatement under section 32 of said act does not apply where the court instead of the judge drew the names.

2. *Same; Challenges.*—The right of challenge as provided for in the Code exists in civil cases only since the enactment of the jury law, Acts 1909, p. 312, and the method provided by section 32 of said act is exclusive so that a defendant in a murder case is not entitled to the challenge provided for in the code.

3. *Same; Special Venire.*—Where the court ordered a special venire of seventy-five persons to consist of the forty jurors drawn for the week, and thirty-five special jurors drawn by the court, and it appeared that only thirty-nine of the regular jurors had been summoned, so that the venire to try the defendant consisted of only seventy-four persons, this defect was fatal in a capital case.

4. *Same.*—Where the court ordered seventy-five persons to constitute the special venire, and because of the absence of one of the regular jurors the venire was reduced to seventy-four, this defect was not cured by any provisions of the jury law, Acts 1909, p. 312.

APPEAL from Walker Law and Equity Court.

Heard before Hon. T. L. SOWELL.

Rhea Odom was convicted of murder and he appeals. Reversed and remanded.

BANKHEAD & BANKHEAD, for appellant. The defendant's plea in abatement to the indictment for error in the drawing of the grand jury was not subject to demurrer and the court erred in sustaining the same. It is

shown that the grand jury was drawn by the court and not by the judge.—*Scott v. The State,* 141 Ala. 39. The provisions of the statute are mandatory, and the judge must draw the jury.—*Allen v. The State,* 145 Ala. 11; *Morris v. The State,* 146 Ala. 66. The venire was defective and should have been quashed on motion.—*Roberts v. The State,* 63 Ala. 515; *Darby v. The State,* 92 Ala. 9; *Hall v. The State,* 130 Ala. 45, and authorities supra. The court erred in declining to permit the defendant to challenge certain jurors.—4 Words & Phrases, 3417. Charge 7 should have been given.—*DeArman v. The State,* 71 Aia. 356.

ROBERT C. BRICKELL, Attorney General, for the State. The demurrer to the plea in abatement is properly sustained as section 29 of Acts 1909, p. 312, makes the drawing, empanelling and summoning the jurors directory merely. Counsel discuss the other phases of the jury law as presented by the assignments of error, but without further citation of authority. Counsel also discusses the other assignments of error, but without citation of authority.

DE GRAFFENRIED, J.—The defendant was indicted for murder in the first degree, but was convicted of murder in the second degree, and was sentenced to the penitentiary for 10 years. The defendant, before pleading in bar to the indictment, filed a plea in abatement, setting up that no judge of the circuit court and no other judge of record drew the grand jury which found the indictment before the commencement of the term at which said indictment was found, but that the grand jury was drawn on May 4, 1910, by the court, and was impaneled on the 23rd day of May, 1910, and that the indictment was found at the regular term of the court.

[Odom v. The State.]

The court sustained a demurrer to the plea, and the defendant excepted.

It was contended by counsel for the defendant that as section 18 of the present jury law provides that the *judge* of the court must, in open court, draw from the box the names of 18 persons who shall be impaneled and sworn as the grand jury, and as this plea recites that the grand jury was drawn by the *court* in open court, therefore the court committed no error in sustaining the demurrer to the plea. The Supreme Court of Alabama in the case of *Scott v. State,* 141 Ala. 39, 37 South. 366, upheld this contention of the defendant under the law as it then existed, and the decision in the case of *Scott v. State* was the law of the state until August 31, 1909.

Having in mind the decision of the Supreme Court, the Legislature, in section 29 of the act approved August 31, 1909, known as the "jury law," expressly provided as follows: "It is hereby expressly declared to be the intent of the Legislature in the enactment of this law, to make the provisions of the *selection, drawing, summoning,* or *impaneling* of jurors directory and not mandatory. The jurors selected, drawn, summoned, and impaneled under the provisions of this act, whether at an earlier or later day than required by this act, must and shall in all respects be deemed legal, and to possess in full, in every respect, power to perform all of the duties belonging to *grand* and *petit* jurors. And no objection can be taken to any venire of jurors except for *fraud* in drawing or summoning the jurors."—Laws 1909 (Sp. Sess.) p. 317.

It is true that section 23 of the act under discussion provides that no objection to an indictment on any ground going to the formation of the grand jury which found the same can be taken except by plea in abate-

ment, and that no objection can be taken by plea in abatement except upon the ground that the grand jurors who found the indictment were not drawn by the officers designated by law to draw the same; but this section is to be read in connection with section 29 above quoted, which by its terms applies to both grand and petit juries, and construing the two sections together, it is manifest that it was the intention of the Legislature that all indictments should be valid whether the minutes of the court recited that the grand jurors were drawn by the *court* or by the *presiding judge* of the court. While there is a direction in section 18 that the judge of the court shall draw the names from the jury box, the distinction drawn in *Scott v. State, supra,* between the *judge of the court* and the *court* was an extremely technical one, and in section 29 it is the expressed purpose of the Legislature that a grand jury drawn by the *court* shall be legal, and the demurrer to the plea in abatement was properly sustained.

Section 32 of the act under discussion provides "that all laws, general, special, or local, regulating the selection, drawing, summoning, or impaneling of grand or petit juries, or prescribing the qualifications of jurors, or defining who are exempt from jury service, or exempting certain persons, or classes of persons, from service upon juries, are hereby expressly repealed, it being the intent of the Legislature that this act shall be the exclusive law on such subjects, in all the courts of the state of Alabama." This section further provides that on the day set for the trial of a capital case the court shall cause the names of those whom the court may hold to be competent jurors to try the defendant or defendants to be placed on lists, and if there is one defendant on trial, shall require the solicitor to strike off one name and the defendant to strike off two names

and in case there are two or more defendants on trial,
the solicitor shall strike off one and every defendant
shall strike off one name, and they shall in this manner
continue to strike names from the list until only twelve
names remain thereon.  The twelve thus selected shall
be sworn and impaneled by law for the trial of the de-
fendant or defendants.  This section also provides that
the right of challenge as provided for in the Code shall
exist in civil cases only, and the record shows that the
jury in the present case was selected as above required,
and the court committed no error in not allowing the
defendant challenges as provided in the Code.  It was
the purpose of the Legislature in adopting this act to
remodel our entire jury system, and the title of the act
is broad enough to cover every matter contained in it.

The venire in this case, however, should have been
quashed on the defendant's motion, upon the ground,
assigned therein, that the court ordered the special ve-
nire to consist of 75 persons, while that served upon de-
fendant contained but 74.  The court ordered a venire of
75, to consist of 40 regular jurors, together with 35
special jurors drawn by the court to complete the num-
ber.  The law directs that the special venire shall con-
sist of the regular jurors drawn and summoned for
the week for which the trial is set, together with a suffi-
cient number of special jurors, drawn by the court, to
make the requisite number fixed by the order of the
court.  The order was so made by the court, as direct-
ed by the statute, and the clerk and sheriff so made out
and served the list composed of the 35 special jurors
drawn by the court, and those regular jurors for the
week who had been "drawn and summoned"; but one
of those *drawn* had not been *summoned*, and could not
properly be placed on the venire, nor on the copy serv-
ed upon the defendant.  Consequently, the venire con-
sisted of 74, instead of 75, as fixed by the order of the

court. This resulted from the fact that the order of the court for the special venire was made before the return of the sheriff as to the regular venire for the week of the trial, and it could not then be known who would be summoned. It resulted that the defendant, without fault on his part, was deprived of the number of jurors fixed by the order of the court. It has been repeatedly held by our Supreme Court that when the law and the order of the court require the venire to consist of the regular jurors "drawn and summoned," together with those specially drawn, it is fatal to a venire if it contains the names of those regular jurors who were "drawn," but who were not "summoned," though the list contains the requisite number.—5 Mayfield's Dig. p. 584, par. 167, and cases cited. This being true, it must follow that a failure of the original and the copy to contain the requisite number is a fortiori fatal.

It is insisted by the state that sections 29 and 32 of the act cure this defect; but we do not think that these or any other provisions of the act were intended to cure defects which deny the accused the number of jurors allowed him under the order of the court as a special venire from which to select the jury to try him in a case in which he is charged with a capital offense. See *Elijah Jackson v. State,* 171 Ala., 55 South. 118, decided by the Supreme Court of Alabama at its present term.

It is not necessary for us to consider any of the other questions presented by the record.

Reversed and remanded.

NOTE.—In this case, Mr. Justice Mayfield, of the Supreme Court of Alabama, had written an opinion before this case came into the hands of this court, and the views above expressed are in accordance with the opinion which had been written by him, and in portions of the opinion his language has been used.